# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEVIN D. BRADLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-0290-CV-W-NKL-P |
| | ) |
| MIKE KEMNA, et al., | ) |
| | ) |
| Respondents. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 convictions and sentences for first degree burglary, second degree assault, forcible rape, forcible sodomy, four counts of felonious restraint, four counts of kidnapping, and eight counts of armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner's sentences are arranged so that he is to serve a total of two consecutive life sentences. Doc. No. 7, pp. 1-2. Petitioner raises four (4) grounds for relief, many with several sub-parts and several of which are procedurally barred from federal review because petitioner failed properly to present such grounds in his state court proceedings.

### Ground 1 – Actual Innocence or Insufficient Evidence

In Ground 1, petitioner contends that he is actually innocent of the crimes for which he was convicted because he never was involved in them and that there was never any evidence that he was involved in them presented at trial. Petitioner states in his reply that he is not basing his claim on newly discovered evidence of his actual innocence but is renewing his claims made in the state courts that there

was no evidence linking him to the crimes at issue. Doc. No. 10, pp. 1-2.

Because this Court can review the merits of claims only if petitioner has presented those same claims to the state courts[1], see Osburne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005), this Court will construe petitioner's Ground 1 to raise the claim that he raised on direct appeal that there was insufficient evidence of "serious physical injury" to sustain the jury's verdict of felonious restraint.

In denying petitioner's insufficient evidence claim as to the felonious restraint counts, the Missouri Court of Appeals, Western District, reviewed the facts presented at trial and the definition of "felonious restraint" in Missouri. As set forth in Mo. Rev. Stat. § 565.120.1, felonious restraint occurs when a person knowingly restrains another unlawfully and without consent so as to interfere substantially with that person's liberty, and exposes that person to a substantial risk of serious physical injury. Serious physical injury is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Mo. Rev. Stat. § 565.002.(6).

The facts presented at trial supported a finding that, after petitioner and his co-defendants broke into the victims' townhouse, "the victims in this case were in danger of being seriously injured or losing their lives" in that petitioner and his co-defendants "were not only bigger and stronger than the victims [petitioner and his co-defendants were all 5'8" or taller and weighed between 140-205 pounds, while one victim was 61 years old and had a history of heart trouble, one was a 15-year-old girl who was 5'2' tall, and one was a 12-year-old boy], but they held knives to the victims' throats, threatened, bound, gagged, and dragged them to various locals" and that the victims sustained knife cuts to their necks, increasing their fear of mortal

---

[1]Petitioner failed to raise any insufficiency of the evidence claims as to any of the remaining counts other than felonious restraint, so he procedurally defaulted any such claims.

2

injury." Respondents' Exhibit E, pp. 4-6. Later, the 15-year-old girl victim was placed in her grandmother's van and driven a short distance to another townhouse, where she was raped by and forced to perform oral sex on each of the three perpetrators, including petitioner. When the men left the townhouse, the victim was able to untie herself and run out of the townhouse, observe its address, and run to her parent's home in the same subdivision. Petitioner, upon being arrested as a suspect, gave a statement to police admitting his involvement in the burglary and in taking the victims to the basement. Respondents' Exhibit E, p. 3. Petitioner, however, told the court at his arraignment, that he was guilty "without a doubt" of five of the charges but not the rest of them. At trial, petitioner recanted his statement and the admissions in his earlier statement to the police, saying that he only wanted the detectives to leave him alone. Id.

The state court's findings of fact are presumed correct unless petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Credibility determinations made by the state courts are entitled to great deference in a federal habeas proceeding. See Clemons v. Luebbers, 381 F.3d 744, 755 (8th Cir. 2004), petition for cert. filed, No. 04-9356 (Mar. 21, 2005). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

A federal court, in reviewing a sufficiency of the evidence claim, must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (constitutional standard for judging sufficiency of the evidence in criminal trials); Weston v.

3

Dormire, 272 F.3d 1109, 1111 (8th Cir. 2001) ("In determining the sufficiency of the evidence in habeas cases under 28 U.S.C. § 2254, we view the evidence in the light most favorable to the prosecution and decide whether any rational jury could have found, beyond a reasonable doubt, all of the elements of the crime."). The fact finder is given latitude "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. at 319.

The evidence in this case is sufficient to support petitioner's convictions under the above standards. A rational trier of fact could have found that petitioner, "[a]cting in concert with his two co-defendants, exhibited the propensity to commit violence which, if carried out, could have seriously injured or killed the victims," thereby exposing the victims to a substantial risk of serious physical injury and committing the crimes of felonious restraint. Respondents' Exhibit E, p. 6. Petitioner has failed to show that the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law" or that their decisions were "based on an unreasonable determination of the facts in light of the evidence presented" at trial. 28 U.S.C. § 2254(d)(1) and (2).

## Procedurally Defaulted Grounds 2-4

Petitioner procedurally defaulted Ground 2 (three contentions of trial court error) by failing to raise them in his motion for new trial or on direct appeal. See Respondents' Exhibit B, pp. 210-12; Respondent's Exhibit C. Reece v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996), cert. denied, 520 U.S. 1257 (1997).

Although petitioner raised his claim (as set forth in Ground 3) that trial counsel was ineffective for failing to object to petitioner's pre-trial inculpatory statement on a theory that it was involuntary because he was denied his right to a phone call after his arrest, the Rule 29.15 motion court denied relief because

4

petitioner did not plead facts that, if true, would entitle him to relief that were not refuted by the record. See Respondents' Exhibit F, pp. 28-29. The Missouri Court of Appeals, Western District, affirmed the denial of relief on the basis that petitioner failed to plead sufficiently. See Respondents' Exhibit I, slip op. at 2-3. Petitioner failed to raise his claim of ineffective assistance of direct appeal counsel for failing to complain about petitioner's being impeached with prior municipal convictions (also set forth in Ground 3) in his post-conviction appeal from the denial of Rule 29.15 relief. Respondents' Exhibit G. Therefore, Ground 3 also is procedurally barred from federal review of the merits thereof. See Lowe-Bey v. Groose, 28 F.3d 816, 818-20 (8th Cir.), cert. denied, 513 U.S. 1061 (1994)(claims presented in a post-conviction motion but not presented on appeal therefrom are procedurally defaulted); Smith v. Groose, 998 F.2d 1439, 1441 (8th Cir. 1993) (failure to satisfy state procedural requirements serves as an adequate and independent state procedural bar to review).

As to Ground 4, petitioner did not present any of the four sub-claims set forth in Ground 4 in his motion for new trial or in his Rule 29.15 litigation, also making those claims procedurally defaulted. See Respondents' Exhibit B, p. 210; Respondents' Exhibit F, pp. 24-25. See Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

5

that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any viable cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 10.

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 motion and/or appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of appellate and/or post-conviction counsel to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 2-4 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

                                                  /s/ Nanette K. Laughrey  
                                                  NANETTE K. LAUGHREY  
                                                  UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated:   9/13/05    .